REQUESTED BY: Senator Rex Haberman Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Haberman:
You have requested our opinion in regard to LB 367. You ask whether at the present time and under present statutes the county attorneys can ask for assistance from this office.
LB 367 proposes to establish a division of criminal prosecution within the office of the Attorney General. This division would have one or more assistant attorneys' general assigned to the division. The bill provides that the primary duty shall be to assist county attorneys upon request in the prosecution of homicides, conspiracy, and attempted homicides; felony theft of grain, felony violations of laws pertaining to banks and other financial institutions, and any conspiracy or attempt cases involving such theft or violations. Additionally, cases involving the prosecution of county officials and cases in which the county attorney has a conflict would be within the parameters of the bill.
Traditionally, the county attorney has been charged with enforcing the laws as the elected representative of the state within the various counties of the State of Nebraska. The county attorney's duties under statute and case law are relatively well developed. Generally, the trial level prosecutions within Nebraska have been handled by the county attorneys across the state. Appellate level criminal matters have been handled in the office of the Attorney General pursuant to Neb.Rev.Stat. § 84-205(9) (Reissue 1981). Under Neb.Rev.Stat. § 84-204 (Reissue 1981) the Attorney General has concurrent powers in each of the several Counties of the state as the county attorneys in their respective counties. From the statutes it is clear that the Attorney General's power in this regard is substantial. As a matter of historical precedent, however, the Attorney General's office has not exercised these powers except in rare and unusual cases.
From 1975 to 1983 this office did provide a limited amount of assistance to county attorneys, primarily in homicide cases. This assistance was provided under existing statutes. However, budget constraints and unavailability of trained personnel caused the office to cease providing this assistance. If the question is limited to statutory authority, the assistance can be provided. However, when the budgetary constraints are considered the service cannot, at the present time, be provided.
Even if the bill as proposed is enacted, this office will require an appropriation before we will be able to provide such assistance.
Very truly yours,
A. EUGENE CRUMP Deputy Attorney General
Patrick T. O'Brien Counsel to the Attorney General